IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40751
Summary Calendar
_____


RODNEY WAYNE SMITH,

                                        Plaintiff-Appellant,

versus

FRED BECKER, NORMAN E. MCCLURE, CURTIS B. MCKNIGHT, ET AL.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-92-CV-515
- - - - - - - - - -
June 29, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

     Rodney Wayne Smith (#330699), a state prisoner, appeals the
dismissal of his civil rights complaint.  The complaint was
dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I).  Smith
argues that the district court erred in dismissing his claims of
retaliation for exercising his constitutional rights, denial of
equal protection, and invasion of privacy for an allegedly
unreasonable strip and body-cavity search.  For reasons discussed
below, we VACATE the district court's judgment and REMAND the

_____

     [*] Under 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except in
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case for further proceedings on the retaliation and strip-and-body-cavity-search claims.  In all other respects, the district court's judgment is AFFIRMED.

A state official may not retaliate against a prisoner for exercising his federally protected rights.  Williams v. Rhoden, 629 F.2d 1099, 1103 (5th Cir. 1980).  Smith alleged that defendant Curtis McKnight stated that he would "come down hard" on Smith for filing a grievance; that three disciplinary proceedings which postdated McKnight's threat were motivated by retaliatory animus; that defendants Norman McClure, McKnight, and C. Godine had conspired to cause Godine to lie in connection with a July 1992 disciplinary charge; that defendant N. Sylvester brought false disciplinary charges against him and restricted his use of the prison law library because Smith had filed a grievance regarding restrictions in his use of the library; that a public strip and body-cavity search by defendants W. VanHook and J. Mayo had occurred after he had filed this lawsuit and several other grievances; and that Smith had been charged with a disciplinary violation related to that incident.[**]  These allegations are sufficient to state nonfrivolous retaliation claims against the defendants named in the preceding sentence.  See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). See also Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986) involving right of access to

---

[**] Smith does not suggest that defendants Becker, Scott, Kufeji, Herklotz, Adams, Velasquez, Collins, Barerra, Lapointe, Mader, Lucky, Germany, and Jenkins were motivated by retaliatory animus.  To the extent that Smith intends to assert retaliation claims against these defendants, those claims were properly dismissed.

courts; <u>Ruiz v. Estelle</u>, 679 F.2d 1115, 1153 (5th Cir.) involving the right to complain of prison conditions and treatment, <u>opinion amended in part and vacated in part</u>, 688 F.2d 266 (1982); <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 259 (5th Cir. 1993) recognizing that a prisoner may have a protected liberty interest in the prison grievance procedures. The district court's judgment dismissing the retaliation claims against defendants McKnight, McClure, Godine, Sylvester, VanHook, and Mayo as frivolous, is VACATED, and the case is REMANDED for further proceedings.

Smith also contends that the district court erred in dismissing, as frivolous, his Fourth Amendment claim against defendants VanHook and Mayo for the strip and body-cavity search. "The Fourth Amendment . . . requires that searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed." <u>Elliott v. Lynn</u>, 38 F.3d 188, 190-91 (5th Cir. 1994) (internal quotation marks omitted). "Under appropriate circumstances, visual body cavity searches of prisoners can be constitutionally reasonable." <u>Id.</u> at 191. The question of reasonableness, however, involves issues of fact which were not resolved at this stage of the litigation. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992). The district court's judgment dismissing the claim against VanHook and Mayo, related to the strip and body-cavity search, is VACATED, and the case is REMANDED for further proceedings.

Smith also contends that various defendants violated his rights to equal protection. Smith failed to allege that the defendants were motivated by a discriminatory purpose. For that

reason, the district court properly dismissed Smith's equal-protection claims as legally frivolous.  See Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995).  The dismissal of this claim as frivolous is AFFIRMED.

Smith contends that the district court erred in refusing to permit him to file documents and tape recordings related to his prison disciplinary proceedings into the record.  The district court did not rule that the recordings and documents could never be introduced, only that they were not appropriately presented at that time.  No abuse of discretion has been shown.  The district court's order is AFFIRMED.

Smith contends that the district court erred in refusing to grant that motion for injunctive relief related to conditions at a prison law library.  Smith's request for a preliminary injunction implicated his right of access to the courts.  Because Smith has not shown a substantial likelihood of success on his denial of access to the court's claim, see Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992), and because the facts underlying the motion for injunctive relief were not pertinent to a claim at issue in this lawsuit, he cannot show that the district court abused its discretion in denying the motion.  See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).  The district court's order is AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.